826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Melvin L. LEVINSON, Plaintiff-Appellant,
v.
LITTON SYSTEMS INC., Defendant-Appellee.
 Appeal No. 87-1089
 United States Court of Appeals, Federal Circuit.
 July 14, 1987.
 
 Before DAVIS, Circuit Judge, and BENNETT and MILLER, Senior Circuit Judges.
 DAVIS, Circuit Judge.
 DECISION
 The judgment of the United States District Court for the District of New Jersey (Debevoise, J.), in favor of appellee, is affirmed.
 
 OPINION
 
 1
 This is an action by appellant Levinson against appellee Litton for infringement. Levinson owns two patents (both relating to microwave cooking) with claims involved in the current appeal: claims 10 and 11 of U.S. Patent No. 3,985,991 (the '991 patent) ('Methods of microwave heating in metal containers') and claims 9 and 10 to U.S. Patent No. 3,777,099 (the '099 patent) ('Methods of heating an article in a microwave oven'). In an unpublished opinion of February 7, 1985, this court reversed the District Court's grant of summary judgment of non-infringement of those claims and remanded for trial on the two claims now involved in each of those patents. A jury trial was held and, answering special questions, the jury found as to the '991 patent that (1) Litton's cookbooks did not infringe claims 10 and 11 of that patent, (2) Litton's public cooking demonstration did infringe those claims, (3) claim 10 of the '991 patent was not invalid for obviousness but was anticipated by a 1971 Litton cookbook; and (4) claim 10 of the '991 patent was limited to a September 1973 filing date. With respect to the '099 patent, the jury found that (a) claims 9 and 10 were not anticipated but were invalid for obviousness, and (b) Litton's L-2 and L-5 browing dishes did not infringe those claims but Litton's L-3 browning dish did infringe the claims. Levinson then moved (1) for a directed verdict, (2) for judgment notwithstanding the verdict, and (3) for a new trial. The District Court denied these motions in a bench opinion.[1]
 
 
 2
 On this appeal, Levinson, appearing pro se, raises a very large number of specific issues (over 40 in toto), some of them plainly irrelevant to the current appeal. The District Court's bench opinion adequately disposed of the pertinent questions, and though we have considered all of the issues presented we now advert only to the most important of them.
 
 
 3
 * JNOV
 
 
 4
 The jury's factual findings that Litton's cookbook and dishes[2] do not infringe the involved claims are well supported by substantial evidence and accordingly cannot be upset. There clearly was adequate evidence sustaining the verdicts. Appellant's convoluted efforts to undermine the jury's verdicts may have been proper in trying to persuade the jury but fail to show a lack of substantial evidence sustaining the verdicts. The jury's finding that Litton's cooking demonstration infringed is supported as to only one appliance show which the District Court correctly considered as de minimis and unworthy of damages. Finney v. United States, 209 Ct. Cl. 742, 194 USPQ 197 (Ct. Cl. 1976), cert. denied, 431 U.S. 905 (1977). It follows that the determination that claim 10 of the '991 patent was anticipated by a 1971 Litton cookbook need not be considered in view of Litton's lack of infringement of that claim. The determination that claims 9 and 10 of the '099 patent would have been obvious is sustained by the substantial evidence of Litton's witnesses. Again, appellant tries to reargue the case but his points are either incorrect or unavailing in the presence of other evidence. Finally, the District Court did not go counter to this court's prior opinion in interpreting the claims of the '991 patent.
 
 II
 New Trial
 
 5
 There was no abuse of discretion by the trial judge in refusing a new trial. The various errors appellant asserts were not errors and, in any event, have not been shown to have been harmful. First, the court's pre-trial actions with respect to proposed witnesses were within its discretion and were applied fairly to both parties. There is no showing that Levinson expressed to the court a wish to use written interrogatories and therefore the court cannot be faulted for expecting depositions to be taken. Litton gave appellant a year's notice of its change of experts, and the District Court specifically found that Levinson was not prejudiced. Also, the record shows that Litton's experts were adequately qualified, and at or before the trial appellant did not properly raise any objection on that ground.
 
 
 6
 Second, the court did not abuse its discretion with respect to treatment of Levinson before and during the trial. Litton used the entire '991 patent prosecution history during the trial; accordingly, its pre-trial response to appellant was entirely accurate as to what parts of the file it intended to use. Obviously, the judge did not abuse his discretion when he refused to permit Levinson to conduct tests at the trial when he had not so indicated before trial--despite the fact that both parties were required to do so, and Litton had complied. Similarly, we cannot at all upbraid the court for refusing (at appellant's request) to give a supplemental charge after the case had already gone to the jury. Also, there was no wrong in excluding from the special verdict forms all the specific prior art references and all the Graham factors; the jury had heard the evidence on the former and appropriate instructions were given on the latter. Nor did the court arbitrarily limit Levinson's argument to the jury; he asked for 30 to 45 minutes and actually used an hour while his opponent used less time. The sum of it all is that appellant has not shown us that he received an unfair trial or was treated unjustly.
 
 III
 Extraneous Matters
 
 7
 Appellant presents us with questions that have in fact nothing to do with the current appeal. The persists in raising an antitrust issue even though our prior opinion (in February 1985) shows on its face that that count of his complaint was dismissed by the District Court, was not appealed, 'and accordingly stands.' He argues 'unclean hands' on the part of Litton, even though the final pre-trial stipulation (approved by appellant's then counsel) restricted the issues to be tried solely to the validity and infringement of the two specified claims of the '991 and of the '099 patents. Appellant also spends a great deal of his brief asking this court to promulgate new rules and regulations to 'protect the constitutional right to a fair trial' of patent owners without substantial financial resources. Aside from our overriding conclusion in Parts I and II, supra, that Levinson was not treated unfairly in the trial and judgment from which he now appeals, it is plain that this particular appeal does not present the proper occasion or forum to consider any of the broad general questions appellant proffers.
 
 
 
 [1]
 Though Levinson was not entitled to file a JNOV motion because he had not previously filed a motion for a directed verdict, the court nevertheless considered it and found it meritless
 
 
 [2]
 The jury found that one of Litton's dishes did infringe, but also determined that the pertinent claims were invalid as obvious. In any event, appellant does not seem to claim damages for infringement by the L-3 dish